**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| CARLOS JOSE VILLARROEL-SALAZAR | CIVIL ACTION NO. 26-4781 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WARDEN JACKSON PARISH CORRECTIONAL CENTER | MAGISTRATE JUDGE PEREZ-MONTES |

**MEMORANDUM ORDER**

Before the Court is an "Emergency Motion for Temporary Restraining Order Prohibiting Transfer of Petitioner and Memorandum in Support" (Record Document 2) filed by Petitioner Carlos Jose Villarroel-Salazar ("Petitioner"), who is being held in immigration custody at Jackson Parish Correction Center in Jonesboro, Louisiana. Petitioner seeks a temporary restraining order prohibiting Respondents from transferring him outside the Western District of Louisiana until the Court rules on his Habeas Petition. See id. at 2.

Petitioner is a national of Venezuela and was lawfully admitted to the United States on July 30, 2027, on a B2 visa. See id. He has had an asylum application pending since March 2018. See id. Petitioner was taken into immigration custody on September 16, 2026. See Record Document 1 at 2. He was denied bond in October 2026. See id. In his Habeas Petition, Petitioner argues he is not subject to mandatory detention, his custody hearing did not provide due process, his continued detention violates substantive due process, and Respondents failed to follow their own custody regulations. See id. at 6-8. He seeks release on reasonable conditions or, alternatively, a new custody hearing. See id. at 8.

An applicant for a Temporary Restraining Order ("TRO") must demonstrate each of the following: (1) a substantial likelihood his cause will succeed on the merits, (2) a substantial threat of irreparable injury if the injunction is not granted, (3) the threatened injury outweighs the threatened harm the injunction may do to the opposing party, and (4) granting the injunction will not disserve the public interest. See Misquitta v. Warden Pine Prairie ICE Processing Center, 353 F. Supp.3d 518, 521 (W.D. La. Nov. 16, 2018) (citing Piedmont Heights Civic Club, Inc. v. Moreland, 637 F.2d 430 (5th Cir. 1981)). The decision of whether to grant or deny a TRO lies in the district court's discretion. See Moore v. Brown, 868 F.3d 398, 402 (5th Cir. 2017). Courts should deny such motions more often than not. See Albright v. City of New Orleans, 46 F.Supp.2d 523, 532 (E.D. La. 1999) (explaining that temporary restraining orders are "extraordinary relief and rarely issued."); see also Suburban Propane, L.P. v. D & S GCTX LLC, 2025 WL 2429087, at *2 (W.D. Tex. 2025) (holding that the extraordinary relief under Rule 65 must be "unequivocally show[n]."); see also Anderson v. Jackson, 556 F.3d 351, 355–56 (5th Cir. 2009) ("Only under 'extraordinary circumstances' will this court reverse the denial of a preliminary injunction.").

Petitioner asks the Court to enter an order prohibiting Respondents from transferring him outside the Western District of Louisiana until a decision on his Habeas Petition is issued. Petitioner contends that "ICE frequently transfers detained persons between facilities and states without advance notice to the detainee, his family, or his counsel." Record Document 2 at 2. "Mere speculation or conclusory allegations of an irreparable injury are insufficient to entitle a movant to injunctive relief." Lotter v. Lyons, 2025 WL 2946630, at *1 (W.D. Tex. Aug. 22, 2025). Petitioner fails to show a likelihood

that he will be transferred to another facility. Additionally, this Court's jurisdiction attaches with the filing of the habeas petition and is not destroyed by any subsequent transfer. See Pena Ramirez v. Noem, No. H-25-5484, 2025 WL 3443186, at *2 (S.D. Tex. Dec. 1, 2025) (citing Griffin v. Ebbert, 751 F.3d 288, 290 (5th Cir. 2014)). The Court is reluctant to set a precedent that would interfere with the government's need to transfer any immigration detainee with a pending habeas petition.

Accordingly,

**IT IS ORDERED** that Petitioner's "Emergency Motion for Temporary Restraining Order Prohibiting Transfer of Petitioner and Memorandum in Support" (Record Document 2) is **DENIED**.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 16th day of November, 2026.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE